WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Christopher Desch,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-19-04419-PHX-DMF<br><br>**ORDER** |

Pending before the Court is the Commissioner's Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 17) Plaintiff has filed a response in opposition. (Doc. 18) No reply was filed. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and with the parties' consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Court will order the final decision of the Commissioner to be vacated and will remand this matter to the Commissioner for limited further proceedings consistent with this Order.

**I.   DISCUSSION**

The Plaintiff filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. § 405(g). (Doc. 1) In the pending motion, the Commissioner moves this court to remand the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 17)

Plaintiff filed this action on June 7, 2019, for review of the final decision of the Commissioner denying his claim to disability insurance benefits. (Doc. 1) He filed his opening brief on October 16, 2019. (Doc. 15) On November 14, 2019, the Commissioner filed the pending motion to remand the action. He concedes his "final decision was not supported by substantial evidence and judgment for Plaintiff is appropriate." (Doc. 17 at 2) The Commissioner notes that

> [i]n September 2015, B. Boyack, M.D., performed a consultative examination of Plaintiff as part of Plaintiff's application for benefits (AR 586-588). Dr. Boyack concluded that Claimant had a left shoulder rotator cuff injury that impacted his range of motion (AR 588). Dr. Boyack opined that Claimant could perform a range of light work, but could only perform occasional reaching (AR 589-90).
>
> In the hearing decision, the ALJ found that Claimant had the RFC to perform a reduced range of light work, but did not include a limitation to occasional reaching (AR 24). The ALJ did not discuss Dr. Boyack's opinion (AR 27-28). The ALJ erred because he did not explain his departure from [] Dr. Boyack's opinion that Claimant was limited to occasional reaching. *See* SSR 96-8p ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted").

(*Id.* at 2-3) The Commissioner moves this court to remand the case to allow the ALJ to "reevaluate the medical evidence, including but not limited to the medical opinions; take further action as warranted; and issue a new decision." (*Id.* at 3)

Claimant, however, opposes remand for further administrative proceedings because he concludes the case should be remanded for payment of benefits. (Doc. 18 at 4)

In general, if the court finds the decision of the ALJ denying benefits was error, the court may remand for payment of benefits rather than for further proceedings, provided "the record has been developed fully and further administrative proceedings would serve no useful purpose." *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011); *see also Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).

Here, the Court finds that remand for additional findings is appropriate to remedy the defect conceded by the Commissioner, that is, the ALJ's failure to consider Dr. Boyack's findings of Claimant's limitations.

On remand, the ALJ's consideration of the record will be limited to expressly addressing the opinions of Dr. Boyack and Claimant's limitations Dr. Boyack identified. The ALJ will address how the consideration of Dr. Boyack's opinions impacts Claimant's residual functional capacity ("RFC") and will obtain supplemental testimony from a vocational expert, if necessary. The ALJ will reassess the RFC, considering all impairments, and will then evaluate Claimant's ability to perform any work available in the national economy.

Accordingly,

**IT IS ORDERED** that the Commissioner's Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) is granted, subject to the limitations specified herein. (Doc. 17)

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security is vacated and this matter is remanded to the Commissioner for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment.

Dated this 13th day of December, 2019.

_____
Honorable Deborah M. Fine
United States Magistrate Judge